Mathew Higbee, Bar #: 11158,
3110 West Cheyenne Ave, Ste 200
North Las Vegas, NV 89128
T: (714) 617-8300
F: (714) 597-6559
Email: Mhigbee@higbeeassociates.com

Attorney for Plaintiff,
ANDREW HENDRICKSON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
### SOUTHERN DIVISION

| | |
|---|---|
| ANDREW HENDRICKSON, | Case No. **2:19-cv-2140** |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| USAA SAVINGS BANK, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

NOW COMES Plaintiff, ANDREW HENDRICKSON ("Plaintiff"), through his attorneys, and alleges the following against Defendant, USAA SAVINGS BANK ("Defendant"):

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

2. The TCPA was legislated to prevent companies like Defendant from invading Americans' privacy by curtailing abusive "robo-calls." The legislative history "described these

calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242, 1255-56 (11th Cir. 2014).

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). <u>See</u>, <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C § 1391(b)(1) because Defendant has its principal place of business in Las Vegas, Nevada.

**PARTIES**

5. Plaintiff is a natural person residing in the State of Wisconsin and is otherwise *sui juris*.

6. Defendant is a Nevada corporation with its principal place of business located in Clark County in Las Vegas, Nevada.

7. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

8. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assignees, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

9. Defendant placed collection calls to Plaintiff in connection with its efforts to collect an alleged debt from Plaintiff.

10. Plaintiff is considered a "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

11. Defendant placed collection calls to Plaintiff at telephone number (715) 401-XXXX.

12. Telephone number (715) 401-XXXX is assigned to a cellular telephone service pursuant to 47 U.S.C. §227(b)(1).

13. Defendant placed these calls from its telephone numbers including, but not limited to, (800) 531-8722.

14. Upon information and belief, based on the nature, number, frequency and timing of the calls, and based on Defendant's prior business practices, these calls were placed with an automatic telephone dialing system or an artificial or prerecorded voice.

15. These calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about May 3, 2019, Plaintiff spoke with one of Defendant's employees at phone number (800) 531-8722 and told Defendant to stop calling his cellular telephone.

18. During the May 3, 2019 conversation, Plaintiff gave Defendant his full social security number and first and last name, in order to assist Defendant in identifying him and accessing his accounts before asking Defendant to stop calling his cellular telephone.

19. Defendant informed Plaintiff that his account was notated with his instruction to stop calling his cell phone.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, for Defendant to call his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

21. Despite this lack of consent, Defendant continued to use an automatic telephone dialing system or an artificial or prerecorded voice to place calls to Plaintiff's cellular phone.

22. These calls continued through October 31, 2019.

23. Defendant placed at least three hundred eighty-three (383) telephone calls to Plaintiff's cell phone using an automatic telephone dialing system or an artificial or prerecorded voice without Plaintiff's consent.

24. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant.

25. Plaintiff felt harassed by Defendant through the use of these phone calls, which Defendant knew Plaintiff no longer wanted to receive.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

28. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ANDREW HENDRICKSON, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

    a.    Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: three hundred eighty-three (383) for a total of one hundred ninety-one thousand and five hundred dollars ($191,500.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(C)**

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

31. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

32. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory

damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

33. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ANDREW HENDRICKSON, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

    a.    Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: three hundred eighty-three (383) for a total of five hundred seventy-four thousand and five hundred dollars ($574,500.00)

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: December 13, 2019

RESPECTFULLY SUBMITTED,

By:    /s/ Mathew K. Higbee  
Mathew Higbee, Bar #: 11158,  
3110 West Cheyenne Ave, Ste 200  
North Las Vegas, NV 89128  
T: (714) 617-8300  
F: (714) 597-6559  
Email: Mhigbee@higbeeassociates.com

Adam T. Hill (*pro hac vice* forthcoming)  
The Law Offices of Jeffrey Lohman, P.C.  
4740 Green River Rd., Suite 310  
Corona, CA 92880  
T: (657) 236-3525  
F: (312) 210-7047

AdamH@jlohman.com

Attorneys for Plaintiff,
ANDREW HENDRICKSON