# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW HENDRICKSON,        ) <br>                    ) <br>          Plaintiff,    ) <br>     vs.                  ) <br>                    ) <br> USAA SAVINGS BANK,     ) <br>                    ) <br>         Defendant.   ) <br>                    ) <br> _____) | Case No.: 2:19-cv-02140-GMN-NJK <br><br> **ORDER** |

Plaintiff Andrew Hendrickson ("Plaintiff") commenced this action on December 13, 2019, by filing the Complaint, (ECF No. 1).  Plaintiff's Complaint brings two claims for relief: (1) negligent violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(B); and (2) knowing and/or willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(C).

Now pending before the Court is Defendant USAA Savings Bank's ("Defendant's") Motion to Compel Arbitration and Dismiss or Stay This Action, (ECF Nos. 8, 14).  Defendant contends that Plaintiff's claims are subject to a binding arbitration agreement which Plaintiff agreed to when securing an American Express credit card with Defendant. (Mot. Compel 2:23–24, 3:1–4:6).  On January 28, 2020, Plaintiff filed a Notice of Non-Opposition, (ECF No. 15), concerning Defendant's Motion to Compel Arbitration.  Plaintiff notified the Court that she "has submitted her claim to the American Arbitration Association and is awaiting confirmation that an arbitrator has been appointed, followed by a scheduling hearing so the parties can proceed with arbitration." (Notice of Non-Opposition ¶ 3).

Considering Plaintiff's Notice of Non-Opposition, the Court grants Defendant's Motion to Compel Arbitration, (ECF Nos. 8, 14). *See* D. Nev. Local R. 7-2(d) ("The failure of an

opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). One outstanding issue, however, is whether this case should be stayed or dismissed pending completion of arbitration. Plaintiff requests that the Court stay this matter, while Defendant seeks dismissal.

Whether to dismiss or stay an action because of a valid arbitration agreement is within the discretion of the Court. *See 2151 Michelson, L.P. v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 754 F. App'x 596, 597 (9th Cir. 2019) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)). Dismissal is appropriate when all claims in the action are subject to arbitration. *Id.* Here, because all of Plaintiff's claims are subject to the arbitration agreement, and because the claims have already been submitted to arbitration and are pending completion, the Court finds that dismissal without prejudice is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss or Stay This Action, (ECF Nos. 8, 14), is **GRANTED**. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED without prejudice**.

The Clerk of Court shall close the case.

**DATED** this __8__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court